[Decided October 5, 1892.]

## HOY & BUTLER *v.* J. L. ROBINSON.

[S. C. 31 Pac. Rep. 62.]

EVIDENCE.— One sued on a written contract, who claims that it does not contain the terms of the actual agreement, and was executed by him through fraud and mistake, must sustain his allegations by clear and satisfactory testimony.

Gilliam County.   LIONEL R. WEBSTER, Judge.

Plaintiff appeals.   Affirmed.

*F. P. Mays,* for Appellant.

*A. S. Bennett,* for Respondent.

BEAN, J.—This is a proceeding by cross-bill in an action at law brought to recover an unpaid balance of three thousand nine hundred and eight dollars and interest alleged to be due on the following written contract:—

"This agreement made and entered into this May 24, 1888, between L. D. Hoy and Charles Butler, parties of the first part, and J. L. Robinson, party of the second part, *witnesseth:* That said first parties agree and promise to pay to said J. L. Robinson, within thirty days from this date, the sum of eight thousand and eight dollars for and in consideration of all his right, title, and interest in and to a certain band of sheep, known as the Hoy, Robinson, and Butler band of sheep, as also all the interest of the said Robinson in the wool for this year's clip of said band of sheep.  It is also agreed and understood by the parties hereto that the said Robinson shall not release or surrender title or possession of the said sheep until such time as the same have been fully paid for as aforesaid.  Witness our hands and seals the day and date first above written.  This shall be left at the First National Bank of Arlington, subject to the inspection of either party, but not to be taken away without consent of others.

"BUTLER & HOY, [SEAL.]
"By L. D. HOY.
"J. L. ROBINSON."

The facts out of which this litigation arose are, briefly, that in the spring of 1887, Hoy and Butler, being engaged as partners in the purchase and sale of mutton sheep, and finding it more profitable to purchase entire bands of sheep than only such as were suitable for market, entered into an agreement with Robinson that Hoy, representing Hoy & Butler, should buy sheep throughout the country, from which he and Robinson should select out the aged wethers and mutton sheep which should belong to Hoy and Robinson individually, and the yearlings and certain brands of two year olds should be held as partnership property by the firm of Hoy, Butler & Robinson, one half to belong to Robinson and the other to Hoy & Butler, and were to be run in the mountains until suitable for market. Under this agreement there was selected from the sheep purchased by Hoy, four thousand six hundred and fifty head, which were taken to the mountains, Robinson paying half of the purchase price and expenses of keeping the same, and are the sheep referred to and mentioned in the written contract.

In the spring of 1888, some indefinite arrangement seems to have been made between Hoy and Robinson, that Robinson should go into Washington and purchase mutton sheep for the company, if any could be found suitable for these purposes, and Hoy should buy sheep in the vicinity of Arlington, each party to use his own money in paying for the sheep purchased by him. In pursuance of this arrangement, Robinson went into Washington, but, as he claims, could find no sheep suitable for the purposes desired, which he could buy at the price agreed upon by the partners. He, however, examined a band of four thousand and one hundred head belonging to one Sweeney, and being unable to purchase them at two dollars per head, that being, as he claims, the maximum limit agreed upon by the parties, he arranged with Sweeney that if he could find a purchaser for the sheep, he should have all over two dollars and ninety cents per

head for his compensation.    He did find a purchaser, to whom Sweeney sold the sheep, he receiving nine hundred and sixty dollars as his commission on the sale.

In the meantime, Hoy had purchased about nine thousand head of sheep in the vicinity of Arlington, which he intended to turn over to the partnership; but when Robinson returned to Arlington and reported that he had been unable to buy any sheep, Hoy objected to allowing him to have a one-half interest in the sheep purchased by him, and it was finally arranged that Robinson should only have a one-third interest in these sheep.    Under the agreement Robinson paid Hoy one thousand and nine hundred dollars, and was to pay the balance of his one third in a few days; but before this agreement was finally consummated and the money paid, it was superseded by another agreement, by which Hoy was to return the one thousand and nine hundred dollars and pay Robinson the money invested by him and three thousand dollars profits, amounting in all to eight thousand and eight dollars, for his interest in the business.    The one thousand and nine hundred dollars was returned and the written contract in question executed.

Hoy & Butler now claim that this written contract does not contain the terms of the actual agreement entered into by the parties, and was executed by them through fraud and mistake, and seek to have it set aside, and for a full accounting between the parties of all matters involved in the partnership.    They claim that the commission received by Robinson on the sale of the Sweeney sheep was partnership property, and by not informing them of the matter at the time of the settlement, Robinson was guilty of such fraud and concealment as will avoid the contract.    Robinson, on the other hand, claims that the partnership between him and the plaintiffs was not a general partnership, but was confined only to the purchase of such sheep as could be obtained suitable for their purposes at the price of two dollars per head, and did not include any other transactions of any of the part-

XXIII. OR.—4.

ners; that during all the time of the existence of the partnership, both the other partners were constantly buying, selling, and dealing in sheep which were not turned into the partnership, and for the profits of which they did not account to him; that he never bought the Sweeney sheep at all, and they never were partnership property; that he could not buy them at the price agreed upon, and only negotiated the sale of them for Sweeney on commission and as an individual transaction, for which he was under no obligation to account to the plaintiffs. He also claims that the written contract contains the terms of the actual agreement between him and plaintiffs, and was executed by plaintiffs with full knowledge of its contents.

The evidence in this case consists principally of the testimony of Hoy and Robinson, who contradict each other as to the terms of the agreement made in the spring of 1888; and without further remark or comment, it is sufficient to say that we have carefully examined the testimony, briefs and argument of counsel, and are of the opinion that plaintiffs have failed to sustain the allegations of their complaint by that clear and satisfactory testimony necessary to avoid a written contract. It is admitted the contract was not based upon an attempted adjustment or settlement of the partnership accounts, but was the result of a proposition made by Hoy, who was in possession of the partnership property, and had full knowledge of its value, to repay to Robinson the money invested by him and three thousand dollars as his share of the profits; and we think the reasonable inference from the testimony of both parties is, that the contract was confined to the Hoy, Robinson & Butler band of sheep and the wool clipped therefrom, and, perhaps, some camp supplies. The agreement by which Robinson was to have one-third interest in the nine thousand head of sheep purchased by Hoy was never consummated, but the one thousand nine hundred dollars advanced thereon was returned to him, so that the only interest he had was in the sheep purchased by the firm

in 1887 and the wool taken therefrom, and it was this interest Hoy intended to and did purchase.

The decree of the court below is therefore affirmed.